**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ACADIA PHARMACEUTICALS, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>ZYDUS LIFESCIENCES LTD., ZYDUS WORLDWIDE DMCC, AND ZYDUS PHARMACEUTICALS (USA) INC.,<br><br>*Defendants*. | C.A. No. 1:25-cv-00187-GBW<br><br><br><br>Public Version Filed<br>November 5, 2025 |

**DEFENDANTS ZYDUS LIFESCIENCES LIMITED, ZYDUS WORLDWIDE DMCC, AND ZYDUS PHARMACEUTICALS (USA) INC.'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**


BUCHANAN INGERSOLL & ROONEY PC

Andrew J. Koopman (#5288)
Christopher H. Blaszkowski (#5673)
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
T (302) 552-4200
F (302) 552-4295
andrew.koopman@bipc.com
christopher.blaszkowski@bipc.com

*Of Counsel:*

BUCHANAN INGERSOLL & ROONEY PC

Michael J. Gaertner (admitted *pro hac vice*)
James T. Peterka (admitted *pro hac vice*)
Timothy F. Peterson (admitted *pro hac vice*)
Amy M. Lange (admitted *pro hac vice*)
Hannah J. Thomas (admitted *pro hac vice*)
150 N. Riverside Plaza, Suite 2800
Chicago, Illinois 60606
T (312) 261-8777
michael.gaertner@bipc.com
james.peterka@bipc.com
tim.peterson@bipc.com
amy.lange@bipc.com
hannah.thomas@bipc.com

*Attorneys for Defendants
Zydus Lifesciences Limited.,
Zydus Worldwide DMCC, and
Zydus Pharmaceuticals (USA) Inc.*


Dated: October 29, 2025

# TABLE OF CONTENTS

**Page**


I. NATURE AND STAGE OF LITIGATION .......... 1

II. SUMMARY OF ARGUMENT .......... 2

III. STATEMENT OF FACTS .......... 3

IV. ARGUMENT .......... 6

V. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Acadia Pharmaceuticals Inc. v. Aurobindo Pharma Limited et al.*, Civil Action No. 20-0985 (D. Del.) ........ 1-2, 3

*Glaxo Grp. Ltd. v. Drit LP*, 248 A.3d 911 (Del. 2021)........ 7

*Tendyne Holdings, Inc. Securityholders' Representative Comm. on Behalf of Tendyne Holdings, Inc. Securityholders v. Abbott Vascular, Inc.*, No. 1:18-cv-01070-CFC, 2019 WL 2717857 (D. Del. June 28, 2019) ........ 7

Defendants Zydus Lifesciences Limited ("Zydus Lifesciences"), Zydus Worldwide DMCC ("Zydus Worldwide"), and Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") (collectively, "Zydus") submit this brief in support of their motion to dismiss Count II of Plaintiff Acadia Pharmaceuticals Inc.'s ("Acadia") First Amended Complaint (D.I. 40) under Federal Rule of Civil Procedure 12(b)(6). In Count II, Acadia alleges that Zydus breached a prior Settlement Agreement (D.I. 40-2, Exhibit F) by filing ANDA No. 214502 for 34 mg pimavanserin tablets and challenging infringement and validity of the patents-in-suit in this case. Because Acadia's breach of contract claim is premised on a reading of the Settlement Agreement that is contrary to the plain language of the agreement, the Court should dismiss Count II for failing to state a claim.

## I. NATURE AND STAGE OF LITIGATION

On February 14, 2025, Acadia filed its initial Complaint against Zydus. (D.I. 1.) Acadia alleged that Zydus infringed United States Patent Nos. 7,601,740 ("the '740 patent"), 7,659,285 ("the '285 patent"), 7,732,615 ("the '615 patent"), 10,517,860 ("the '860 patent"), and 10,953,000 ("the '000 patent") (collectively "the patents-in-suit") in connection with Zydus's ANDA No. 214502 for pimavanserin tablets, 34 mg ("Zydus's 34 mg tablet product"). Zydus filed its Answer and Affirmative Defenses on April 29, 2025, denying that Zydus's 34 mg tablet product infringed any valid claim of the patents-in-suit. (D.I. 10.)

On September 22, 2025, the last day to amend or supplement the pleadings under the Scheduling Order (D.I. 23), Acadia filed its First Amended Complaint, adding Count II for breach of contract (D.I. 40). Acadia alleges that Zydus breached a Settlement Agreement that resolved earlier litigation between the parties involving different products—10 mg pimavanserin tablets and 34 mg pimavanserin capsules—in the case captioned *Acadia Pharmaceuticals Inc. v.*

*Aurobindo Pharma Limited et al.*, Civil Action No. 20-0985 (D. Del.). (*Id.* at ¶¶ 54, 71, 73; *see also* Settlement Agreement, D.I. 40-2 at 143-165 (Exhibit F).)

The parties met and conferred on October 1, 2025, and October 27, 2025, concerning the First Amended Complaint. Zydus informed Acadia of its intent to file this motion, and Acadia declined to withdraw Count II of the First Amended Complaint. Zydus moves to dismiss Count II in the First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. SUMMARY OF ARGUMENT

Zydus's **34 mg tablet** product at issue in this case is not a



the ANDA product at issue here is a **tablet** at a dosage strength equivalent to **34 mg per tablet**.

Because Zydus's 34 mg tablet product is not a "

the Settlement Agreement does not preclude (a) the commercial manufacture, use, sale, offer for sale, or importation into the United States of Zydus's 34 mg tablet product or (b) Zydus from challenging the patentability, validity or enforceability of, or infringement of the patents-in-suit in this litigation involving Zydus's 34 mg tablet product. Acadia's breach of contract claim, therefore, fails as a matter of law and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## III. STATEMENT OF FACTS

Acadia markets capsules containing pimavanserin tartrate at a dosage strength equivalent to 34 mg of pimavanserin free base (approved in NDA No. 210793) and tablets containing pimavanserin tartrate at a dosage strength equivalent to 10 mg of pimavanserin free base (approved in NDA No. 207318) under the tradename NUPLAZID®. (Settlement Agreement at 1, D.I. 40-2 at 144 (Recitals).) Zydus previously submitted ANDAs seeking approval for generic versions of these products: (1) ANDA No. 214493 for a capsule product containing pimavanserin tartrate at a dosage strength equivalent to 34 mg per capsule of pimavanserin free base and (2) ANDA No. 214502 for a tablet product containing pimavanserin tartrate at a dosage strength equivalent to 10 mg per tablet of pimavanserin free base. (*Id.* at 2-3, D.I. 40-2 at 145-146.) Acadia filed suit against Zydus USA and Zydus Lifesciences for infringement of certain Acadia patents. *Acadia Pharmaceuticals Inc. v. Aurobindo Pharma Limited et al.*, Civil Action No. 20-0985 (D. Del.). That litigation was resolved in 2023 when the parties entered into the Settlement Agreement. (*Id.* at 1-3, D.I. 40-2 at 144-146; D.I. 40 ¶ 54.)

In the Settlement Agreement,

[redacted] Accordingly, [redacted]

Zydus now seeks FDA approval for a different product, pimavanserin tablets at a dosage strength equivalent to 34 mg pimavanserin free base ("Zydus's 34 mg tablet product")—a product that is not sold by Acadia—under a supplement to ANDA No. 214502 (submitted originally for Zydus's 10 mg tablet product). (D.I. 40 ¶10.) As required under the Hatch-Waxman Act, Zydus sent a notice letter to Acadia advising Acadia that Zydus was seeking approval of Zydus's 34 mg tablet product under ANDA No. 214502 and certifying that the claims of the '740, '285, '615, '860 and '000 patents are invalid or would not be infringed by the commercial manufacture, use, sale, or offer for sale of Zydus's 34 mg tablet product. (D.I. 40 ¶¶ 10, 41.)

In response, Acadia filed suit. Acadia alleges that it holds "[NDA] No. 207318 for oral tablets containing pimavanserin tartrate, Eq. 10 mg base as the active ingredient" that it markets under the trade name NUPLAZID®. (D.I. 1 ¶ 28; D.I. 40 ¶ 29.) Acadia further alleges that it owns "the '740, '285, '615, '860 and '000 patents [that] are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ('Orange Book') as covering NUPLAZID® Eq. 10 mg base or its use." (D.I. 1 ¶ 39; D.I, 40 ¶ 40.) Acadia asserted that Zydus's submission of ANDA No. 214502, seeking approval for Zydus's 34 mg tablet product and any manufacture, use, offer for sale, or importation of Zydus's 34 mg tablet product, infringes the patents-in-suit. (*See* D.I. 1 ¶¶ 54, 59; D.I. 40 ¶¶ 59, 64.)

More than 7 months later, on the final day permitted under the Scheduling Order, Acadia filed a First Amended Complaint in which it added a claim for breach of the Settlement Agreement. Specifically, Acadia alleges that Zydus has breached





[redacted]

[redacted]

[redacted]

## IV. ARGUMENT

Zydus's 34 mg tablet product is not a "[redacted]. As Acadia alleges, "Zydus's Proposed Generic Product" is "pimavanserin tablets, 34 mg." (D.I. 40 ¶ 10.) The Settlement Agreement, in contrast, [redacted]

[redacted]

[redacted] Zydus's 34 mg tablet product is neither. It is a product that is a tablet at a dosage strength equivalent to 34 mg pimavanserin per tablet. "Under Delaware law, sophisticated parties are bound by the terms of

their agreement. Even if the bargain they strike ends up a bad deal for one or both parties, the court's role is to enforce the agreement as written." *Glaxo Grp. Ltd. v. Drit LP*, 248 A.3d 911, 919 (Del. 2021)[1]; *see also Tendyne Holdings, Inc. Securityholders' Representative Comm. on Behalf of Tendyne Holdings, Inc. Securityholders v. Abbott Vascular, Inc.*, No. 1:18-cv-01070-CFC, 2019 WL 2717857, at *2–3 (D. Del. June 28, 2019) (court granted motion to dismiss complaint for breach of contract where relevant term was expressly and extensively defined in the Agreement at issue and plaintiff failed to address it or allege sufficient facts showing a breach of contractual obligations).

The Settlement Agreement contemplates exactly what happened here—Zydus may develop and seek approval of pimavanserin products that are not covered by the Settlement Agreement and challenge the patents-in-suit in litigation concerning those products. As noted above, [redacted]

[redacted]

1 [redacted]



Thus, the Settlement Agreement confirms that Zydus's actions here in connection with Zydus's 34 mg tablet product are *not* a breach of of the Settlement Agreement.

## V. CONCLUSION

For the reasons detailed above, Zydus respectfully requests that the Court grant its motion and dismiss with prejudice Acadia's Count II for breach of contract in its First Amended Complaint under Rule 12(b)(6).

Dated: October 29, 2025

Respectfully submitted:

*/s/ Andrew Koopman*

Andrew J. Koopman (DE Bar #5288)
Christopher H. Blaszkowski (DE Bar #5673)
**BUCHANAN INGERSOLL & ROONEY PC**
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
T (302) 552-4200
F (302) 552-4295
andrew.koopman@bipc.com
christopher.blaszkowski@bipc.com

Michael J. Gaertner (admitted *pro hac vice*)
James T. Peterka (admitted *pro hac vice*)
Timothy F. Peterson (admitted *pro hac vice*)
Amy M. Lange (admitted *pro hac vice*)
Hannah J. Thomas (admitted *pro hac vice*)
**BUCHANAN INGERSOLL & ROONEY PC**
150 N. Riverside Plaza, Suite 2800
Chicago, Illinois 60606
(312) 261-8777
michael.gaertner@bipc.com
james.peterka@bipc.com
tim.peterson@bipc.com
amy.lange@bipc.com
hannah.thomas@bipc.com

*Attorneys for Zydus Lifesciences Limited., Zydus Worldwide DMCC, and Zydus Pharmaceuticals (USA) Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2025, I caused a true and correct copy of the foregoing document be filed electronically with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record for the parties and have served a true and correct copy via email on the below counsel of record as follows:

James D. Taylor, Jr.
Michelle C. Streifthau-Livizos
Saul Ewing Arnstein & Lehr LLP
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
james.taylor@saul.com
michelle.streifthau-livizos@saul.com

Chad J. Peterman
Peter E. Conway
Bruce M. Wexler
Scott F. Peachman
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
chadpeterman@paulhastings.com
peterconway@paulhastings.com
brucewexler@paulhastings.com
scottpeachman@paulhastings.com

Felix A. Eyzaguirre
PAUL HASTINGS LLP
600 Travis Street, 58th Floor
Houston, TX 77002
felixeyzaguirre@paulhastings.com

*/s/ Andrew Koopman*
Andrew Koopman (#5288)