# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ACADIA PHARMACEUTICALS INC.,

    Plaintiff,

    v.

ZYDUS LIFESCIENCES LTD., *et al*.,

    Defendants.

)
)
)
)
)
)
)
)
)
)

C.A. No. 25-0187 (GBW)

PUBLIC VERSION FILED
NOVEMBER 19, 2025

## ACADIA'S RESPONSIVE BRIEF IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS COUNT II OF
## ACADIA'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.    INTRODUCTION ................................................................................................... 1

II.   NATURE AND STAGE OF LITIGATION .............................................................. 3

III.  STATEMENT OF FACTS ...................................................................................... 4

    A.   Events Leading to 2023 Settlement Agreement ................................................ 4

    B.   Provisions of the 2023 Settlement Agreement .................................................. 4

    C.   Defendants' FDA Correspondence and ANDA Supplement .............................. 6

IV.   THE COURT SHOULD DENY ZYDUS'S MOTION TO DISMISS .......................... 7

    A.   Legal Standard .................................................................................................. 7

    B.   ACADIA's Count II Has Plead Sufficient Facts to Plausibly Infer  that Defendants Are in Breach of Their Contractual Obligations Here ............................................................. 8

        1.   Defendants misstate the facts, thereby creating  factual disputes that cannot be resolved in their favor .............................................................................................. 10

        2.   Defendants misinterpret ACADIA's Amended  Complaint and the 2023 Settlement Agreement ...................................................................................................... 11

        3.   ACADIA has plausibly alleged that Defendants have  breached their contractual obligations by prematurely  requesting final approval for the Zydus Tablet ANDA ........... 15

        4.   ACADIA has plausibly alleged that  Defendants have breached their contractual obligations by challenging the validity of the patents-in-suit ............................... 16

        5.   Defendants failed to establish that their  interpretations of the 2023 Settlement Agreement's  provisions are the *only* reasonable constructions as a matter of law ............. 18

V.    CONCLUSION ...................................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
    No. C.A.05-590 GMS, 2006 WL 2375035 (D. Del. Aug. 16, 2006).....................................11

*Acadia Pharms. Inc. v. Aurobindo Pharma Ltd.*,
    No. 20-CV-0985-GBW .......................................................................................................1

*Acadia Pharms. Inc. v. Aurobindo Pharma Ltd.*,
    No. 22-CV-1387-GBW. (2023 Settlement Agreement at 1.) ....................................1

*Aoki v. Benihana, Inc.*,
    839 F. Supp. 2d 759 (D. Del. 2012)....................................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................................7

*Conley v. Gibson*,
    355 U.S. 41 (1957)...............................................................................................................7

*Ferring B.V. v. Watson Lab'ys, Inc.-Fla.*,
    764 F.3d 1382 (Fed. Cir. 2014).........................................................................................12

*Frutera Agrosan Exp. SPA v. GT USA Wilmington, LLC*,
    No. 23-CV-000248-SRF, 2024 WL 4333141 (D. Del. Sept. 27, 2024) .............................2, 9

*Kost v. Kozakiewicz*,
    1 F.3d 176 (3d Cir. 1993)....................................................................................................7

*Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*,
    261 A.3d 1199 (Del. 2021) ..........................................................................................13, 19

*NAMA Holdings, LLC v. World Mkt. Ctr. Venture, LLC*,
    948 A.2d 411 (Del. Ch. 2007)...........................................................................................18

*Neitzke v. Williams*,
    490 U.S. 319 (1989).............................................................................................................8

*Osborn ex rel. Osborn v. Kemp*,
    991 A.2d 1153 (Del. 2010) ................................................................................................18

*Par Pharm., Inc. v. Eagle Pharms., Inc.*,
    44 F.4th 1379 (Fed. Cir. 2022) .....................................................................................12, 20

*Piecknick v. Pennsylvania*,
    36 F.3d 1250 (3d Cir. 1994)................................................................................................8

*Rheault v. Halma Holdings Inc.*,
No. CV 23-700-WCB, 2023 WL 8005318 (D. Del. Nov. 7, 2023)..........................................8

*Salix Pharms., Ltd. v. Norwich Pharms. Inc.*,
98 F.4th 1056 (Fed. Cir. 2024), *cert. denied,* 145 S. Ct. 567 (2024)......................................17

*Sharma v. TriZetto Corp.*,
No. 15-419, 2016 WL 1238709 (D. Del. Mar. 29, 2016) ..........................................8

*Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*,
731 F.3d 1271 (Fed. Cir. 2013)..........................................12, 17

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007)..........................................8

*Tendyne Holdings, Inc. Sec. Holders' Representative Comm. v. Abbott Vascular, Inc.*,
No. 18-1070-CFC, 2019 WL 2717857 (D. Del. June 28, 2019)..........................................8

*Umland v. PLANCO Fin. Servs., Inc.*,
542 F.3d 59 (3d Cir. 2008)..........................................7

*Vanda Pharms. Inc. v. W.-Ward Pharms. Int'l Ltd.*,
887 F.3d 1117 (Fed. Cir. 2018)..........................................12, 17, 20, 21

*Winfield v. Eloxx Pharms., Inc.*,
C.A. No. 19-447-RGA, 2020 WL 1333008 (D. Del. Mar. 23, 2020)..........................................2, 9, 18

*Young v. W. Coast Indus. Relations Assocs., Inc.*,
763 F. Supp. 64 (D. Del. 1991)..........................................7

**STATUTES**

21 U.S.C. § 355..........................................5

35 U.S.C. § 271..........................................2, 16

FED. R. CIV. P. 12 ..........................................1, 7, 8, 18

## I.    INTRODUCTION

Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA") respectfully submits this brief in opposition to Defendants'[1] motion to dismiss Count II of ACADIA's First Amended Complaint. (D.I. 49 ("Defs.' Motion"); *see also* D.I. 50 ("Defs.' Br.").)  Count II alleges that Zydus's current conduct concerning its ANDA No. 214502 ("Zydus Tablet ANDA") constitutes a material breach of the parties' March 31, 2023 Settlement Agreement (D.I. 40-2, Ex. F ("2023 Settlement Agreement")), which fully and finally resolved two prior litigations involving the same ANDA.[2,3]  (D.I. 40, ¶¶ 69-74.)

Specifically, ACADIA alleges that Zydus has breached the 2023 Settlement Agreement in at least two ways: (1) by seeking final FDA approval of the Zydus Tablet ANDA—covering both its 10 mg and 34 mg tablet products—to make, have made, offer to sell, sell, or import its product into the United States before the applicable ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆ (D.I. 40, ¶¶ 71-72); and (2) by challenging the validity of ACADIA's patents in a litigation ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.  (D.I. 40, ¶¶ 73-74).

Zydus argues that Count II "fails as a matter of law" because its 34 mg tablet product is purportedly not ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.  (Defs.' Br. at 2.)  That argument rests on disputed contract interpretations and the flawed premise that Zydus may treat its single ANDA—supplemented to add the 34 mg tablet—as if it were two separate

---

[1] Zydus Lifesciences Limited, Zydus Worldwide DMCC, and Zydus Pharmaceuticals (USA) Inc. (collectively, "Zydus" or "Defendants")

[2] The two cases that Defendants settled out of were *Acadia Pharms. Inc. v. Aurobindo Pharma Ltd.*, No. 20-CV-0985-GBW and *Acadia Pharms. Inc. v. Aurobindo Pharma Ltd.*, No. 22-CV-1387-GBW.  (2023 Settlement Agreement at 1.)

[3] ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

ANDAs.  The statutory framework of 35 U.S.C. § 271(e), however, requires consideration of the ANDA submission as a whole; not in fragments.  Because ACADIA has plausibly alleged a breach under a reasonable interpretation of the 2023 Settlement Agreement, dismissal is improper.

Defendants' motion fails for at least the following reasons.  First, Defendants omits key facts, including (1) that the Zydus Tablet ANDA covers two proposed products (10 mg and 34 mg tablets) and (2) that ███████████████████████████████████████. Second, ███████████████████████████████. Third, Defendants' supplement ***did not change***[4] the ANDA's 10 mg tablet product—it merely added the 34 mg tablet.  Finally, any disputes concerning the meaning of the 2023 Settlement Agreement or related factual issues cannot be resolved on a motion to dismiss.  *See, e.g.*, *Winfield v. Eloxx Pharms., Inc.*, C.A. No. 19-447-RGA, 2020 WL 1333008, at *1 (D. Del. Mar. 23, 2020) (explaining that "issues of contract interpretation raised by Defendants cannot be resolved against Plaintiff on a motion to dismiss."); *see also Frutera Agrosan Exp. SPA v. GT USA Wilmington, LLC*, No. 23-CV-000248-SRF, 2024 WL 4333141, at *5 (D. Del. Sept. 27, 2024) (holding that plaintiff "must only plead a plausible claim for relief," and denying the defendant's motion to dismiss because it sought to "argue factual matters" which, "while proper subjects for discovery and summary judgment, are improper at the motion to dismiss stage.").

In short, Count II properly alleges that Zydus materially breached the 2023 Settlement Agreement by (i) seeking final approval of its ANDA ████████████████████ and (ii)

---

[4] Unless otherwise noted, all citations have been modified for clarity, all internal citations and quotations have been omitted, and all emphasis has been added.

challenging the validity of ACADIA's patents in connection with that same ANDA. Zydus's motion seeks to evade its contractual obligations by repackaging a single ANDA as two distinct submissions—using this artifice both to attack ACADIA's patents and to preserve a future license if unsuccessful. The Court should reject that maneuver and deny Zydus's motion to dismiss.

## II.    NATURE AND STAGE OF LITIGATION

This is a civil action for infringement of United States Patent Nos. 7,601,740 ("the '740 patent"), 7,659,285 ("the '285 patent"), 7,732,615 ("the '615 patent"), 10,517,860 ("the '860 patent"), and 10,953,000 ("the '000 patent") (collectively, "the patents-in-suit"). (D.I. 1, ¶ 11.) On January 3, 2025, ACADIA received written notice that Zydus had supplemented the Zydus Tablet ANDA to include a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "Paragraph IV Certification") with respect to the patents-in-suit. (D.I. 1, ¶ 42.) In that notice, Zydus represented that it was seeking FDA approval to commercially manufacture, use, sell, offer for sale, and/or import 34 mg pimavanserin tablets prior to the expiration of the patents-in-suit. (D.I. 1, ¶ 55.) Zydus's Paragraph IV Certification further asserted that the claims of the patents-in-suit are invalid and/or would not be infringed by the commercial manufacture, use, or sale of its proposed ANDA product. (*Id.*)

On February 14, 2025, ACADIA filed its initial Complaint alleging that Zydus's submission of the Zydus Tablet ANDA, including its Paragraph IV Certification, constitutes an act of infringement under 35 U.S.C. § 271(e)(2)(A). (D.I. 1, ¶ 54.) On April 29, 2025, Defendants filed their Answer and Affirmative Defenses, denying infringement. (D.I. 10, ¶ 54.) Defendants served their initial disclosures on July 30, 2025, (D.I. 25), and their initial invalidity contentions on September 16, 2025, (D.I. 39). On September 22, 2025, ACADIA filed its First

Amended Complaint to add Count II for breach of contract arising from Defendants' conduct related to the Zydus Tablet ANDA and the parties' 2023 Settlement Agreement.  (D.I. 40.)

## III.    STATEMENT OF FACTS

### A.    Events Leading to 2023 Settlement Agreement

ACADIA owns two New Drug Applications for its Nuplazid® (pimavanserin) drug products, [1] NDA No. 210793 for 34 mg capsules and [2] NDA No. 207318 for 10 mg tablets. (D.I. 40-2, Ex. F (hereafter, "2023 Settlement Agreement"), at 1.)  On June 22, 2020, ACADIA received written notification from Defendants that they had filed two corresponding Abbreviated New Drug Applications seeking to market a generic version of both Nuplazid® products, [1] ANDA No. 214493 for 34 mg capsules (*i.e.*, Zydus Capsule ANDA) and [2] ANDA No. 214502 for 10 mg tablets (*i.e.*, Zydus Tablet ANDA) (collectively, "Zydus ANDAs").  (2023 Settlement Agreement at 1-3.)  In response, ACADIA filed two Hatch-Waxman actions against Defendants and asserted in the first that, *inter alia*, Defendants' submission of the Zydus ANDAs infringed the patents-in-suit here.  (2023 Settlement Agreement at 1-3.)  About 2.5 years later, on March 31, 2023, the parties mutually executed the 2023 Settlement Agreement to fully and finally settle both prior litigations by stipulating to their dismissal.  (2023 Settlement Agreement at 3.)

### B.    Provisions of the 2023 Settlement Agreement

The 2023 Settlement Agreement provides the following pertinent definitions:





(2023 Settlement Agreement at 3-5.)

In Section 2.2 of the 2023 Settlement Agreement, ACADIA prospectively granted to

Defendants, *as of the applicable* 

(2023 Settlement Agreement at 5-6.)  Additionally, it

provides that 

(2023 Settlement Agreement at 5-6.)  As a result,

### C. Defendants' FDA Correspondence and ANDA Supplement

On October 13, 2023, Defendants submitted an amendment to the Zydus Tablet ANDA providing a revised Patent Certification and Exclusivity Statement.  (Ex. A, ZYD-PIMA34T-0024350.)  In the revised Patent Certification, Defendants represented to the FDA that they  (Ex. B, ZYD-PIMA34T-0024356 at 24356.)  In fact, Defendants only and did not submit the 2023 Settlement Agreement, . (Ex. B, ZYD-PIMA34T-0024356 at 24357.) Notably, the (Ex. C, ZYD-PIMA34T-0024390 at 24392 .)

On October 14, 2023, Defendants submitted a to the Zydus Tablet ANDA.  (Ex. D, ZYD-PIMA34T-0024374.)  Defendants requested final approval

6

without submitting a copy of the 2023 Settlement Agreement ███████████████

████████████.  (Ex. D, ZYD-PIMA34T-0024374 at 24388.)  On January 2, 2025,

Defendants submitted ████████████████████████████████████████ to

the Zydus Tablet ANDA.  (Ex. E, ZYD-PIMA34T-0025010.)  Defendants have not amended the

Zydus Tablet ANDA to only seek approval of their 34 mg tablet product because it still includes

the 10 mg tablet product.  Therefore, by currently requesting final approval of the Zydus Tablet

ANDA, Defendants are seeking approval to market both 10 mg and 34 mg tablet products

without the necessary patent licenses from ACADIA.

## IV.    THE COURT SHOULD DENY ZYDUS'S MOTION TO DISMISS

### A.    Legal Standard

In the Third Circuit, courts evaluating a Rule 12(b)(6) motion "accept the complaint's

allegations as true, read those allegations in the light most favorable to the plaintiff, and

determine whether a reasonable reading indicates that relief may be warranted."  *Umland v.

PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A motion to dismiss may be granted

only if, accepting the well-pleaded allegations as true and viewing them in the light most

favorable to ACADIA, "it appears beyond doubt that the plaintiff can prove no set of facts in

support of [its] claim which would entitle [it] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46

(1957); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the pleadings, not to

resolve disputed facts or decide the merits.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

The movant bears the burden of demonstrating that dismissal is warranted.  *Young v. W. Coast

Indus. Relations Assocs., Inc.*, 763 F. Supp. 64, 67 (D. Del. 1991).  When reviewing a motion to

dismiss, the Court must accept as true all well-pleaded factual allegations and draw all

reasonable inferences in favor of the non-moving party. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994).

In considering a Rule 12(b)(6) motion, courts must evaluate the complaint "in its entirety, as well as other sources ordinarily examined when ruling on such motions to dismiss—namely, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 763 (D. Del. 2012); *Tendyne Holdings, Inc. Sec. Holders' Representative Comm. v. Abbott Vascular, Inc.*, No. 18-1070-CFC, 2019 WL 2717857, at *3 n.4 (D. Del. June 28, 2019). Accordingly, even though ACADIA did not attach Zydus's Paragraph IV Certification and ANDA supplement as exhibits, the Court may properly consider those materials because they are incorporated by reference into the complaint and central to ACADIA's claims. *Aoki*, 839 F. Supp. 2d at 763; *Tendyne Holdings*, 2019 WL 2717857, at *3 n.4.

### B.    ACADIA's Count II Has Plead Sufficient Facts to Plausibly Infer that Defendants Are in Breach of Their Contractual Obligations Here

"To state a claim for breach of contract under Delaware law, a plaintiff must allege (1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) resulting injury to the plaintiff." *Rheault v. Halma Holdings Inc.*, No. CV 23-700-WCB, 2023 WL 8005318, at *11 (D. Del. Nov. 7, 2023) (citing *Sharma v. TriZetto Corp.*, No. 15-419, 2016 WL 1238709, at *3 (D. Del. Mar. 29, 2016)). In Count II of its Amended Complaint, ACADIA clearly alleges sufficient facts to plausibly infer that all three requirements are met. In fact, Defendants do not dispute that ACADIA has satisfied the first and third requirements to state a claim for breach of contract here. (Defs.' Br. at 5 ("Acadia alleges that Zydus has breached Sections 2.3(a)-(b) of the Settlement Agreement (D.I. 40 ¶¶ 55-56, 71, 73)."), 7 (admitting Section 2.3(a)-(b) impose

contractual obligations); D.I. 40, ¶ 55 (alleging Defendants "agreed that 'any breach by either or both Zydus and its Affiliates of this Section 2.3(a) may cause irreparable harm to ACADIA'").)

Defendants challenge the second prong, that ACADIA alleged "a breach of that obligation." Indeed, ACADIA has alleged that Defendants breached their contractual obligations of ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████ (D.I. 40, ¶¶ 71-74.) Defendants improperly seek to litigate the merits of ACADIA's allegations within the context of a 12(b)(6) motion. *Frutera Agrosan Exp. Spa*, 2024 WL 4333141 at *13 (declining attempts to litigate the merits of allegations because, "while proper subjects of discovery and summary judgment, [they] are improper at the motion to dismiss stage.").

Defendants attempt to prevail on the merits by improperly limiting the scope of both ACADIA's allegations and Defendants' contractual obligations based on their selective reading of ACADIA's Amended Complaint and the 2023 Settlement Agreement. Trying to confine this case to only one of their ANDA's products, Defendants incorrectly argue that "the ANDA product at issue here is a tablet at a dosage strength equivalent to 34 mg per tablet." (Defs.' Br. at 2.) Attempting to restrict their contractual obligations, Defendants incorrectly argue that ████████████████████████████████████████████████████████████

(Defs.' Br. at 7.) Based on these mischaracterizations, Defendants dispute whether ACADIA has satisfied the merits of the second requirement by arguing that ███████████████████

████████████████████████████████████████████████████████████

███████ (Defs.' Br. at 5.) The mere fact that Defendants are attempting to use their motion to litigate the merits of ACADIA's claim is sufficient to deny the motion. *See, e.g.*, *Winfield*,

2020 WL 1333008 at *1 (D. Del. Mar. 23, 2020) (explaining that "issues of contract interpretation raised by Defendants cannot be resolved against Plaintiff on a motion to dismiss.")

In addition, the motion should be denied for at least the following reasons.  First, Defendants' Statement of the Facts evidences factual disputes between the Parties that cannot be resolved in Defendants' favor when considering a motion to dismiss.  Second, Defendants misinterpret both ACADIA's allegations in the Amended Complaint and the contractual obligations imposed on them by the 2023 Settlement Agreement.  Lastly, Defendants failed to establish that their interpretations of the 2023 Settlement Agreement's provisions are the *only* reasonable constructions as a matter of law.  Rather, Defendants at best demonstrate that the provisions are ambiguous, which simply requires their meaning to be construed in the light most favorable to ACADIA, the non-moving party for the motion to dismiss.

### 1. Defendants misstate the facts, thereby creating factual disputes that cannot be resolved in their favor

In their Statement of Facts, Defendants misstate or omit various facts that are important to ACADIA's Count II and reveal factual disputes that cannot be resolved in Defendants' favor when deciding their motion to dismiss.  At this stage, these pertinent factual disputes include, at least, ███████████████████████████████████████████████████.  Defendants' arguments depend on their version of the facts being adopted by the Court, which necessarily prevents them from meeting their burden at this stage of the litigation.

ACADIA alleged in its Amended Complaint that "Zydus' ANDA No. 214502 seeks approval . . . ████████████████████████████████████████ ██████████████████████████ would constitute a material breach of the Settlement Agreement and irreparable harm to ACADIA."  (D.I. 40 at ¶ 71.)  Conversely, Defendants assert that "[i]n the Settlement Agreement, ██████████████████████████████████████



(Defs.' Br. at 3.)

.  Regardless, Defendants failed to accept the factual allegations of ACADIA's Amended Complaint as true and thus "cannot show that beyond doubt there exists no set of facts in support of [Count II]."  *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. C.A.05-590 GMS, 2006 WL 2375035, at *5 (D. Del. Aug. 16, 2006) (citation modified).

Defendants also mischaracterize the products included in the Zydus Tablet ANDA for which they seek final approval, arguing that "Zydus now seeks FDA approval for a different product, pimavanserin tablets at a dosage strength equivalent to 34 mg pimavanserin free base …under a supplement to ANDA No. 214502 (submitted originally for Zydus's 10 mg tablet product)."  (Defs.' Br. at 4.)  Defendants fail to mention that the Zydus Tablet ANDA was not just "submitted originally for Zydus's 10 mg tablet product," the ANDA still includes the 10 mg tablet and thus is *currently* submitted for it.

## 2.    Defendants misinterpret ACADIA's Amended Complaint and the 2023 Settlement Agreement

Seeking to circumvent the 2023 Settlement Agreement, Defendants argue that this case is limited to only a supplement of the Zydus Tablet ANDA and thus, "the ANDA product at issue here is a tablet at a dosage strength equivalent to 34 mg per tablet."  (Defs.' Br. at 2.) Defendants are wrong because both legal precedent and ACADIA's Amended Complaint require consideration of the operative ANDA as a whole, not just an isolated portion.  "For the purposes

of section 271(e)(2), 'an application' means the ANDA as filed and all amendments to that application that have been allowed by the FDA." *Ferring B.V. v. Watson Lab'ys, Inc.-Fla.*, 764 F.3d 1382, 1390 (Fed. Cir. 2014). "Under § 271(e)(2), it is an act of infringement to submit an ANDA seeking FDA approval to make and sell a patented drug." *Par Pharm., Inc. v. Eagle Pharms.*, Inc., 44 F.4th 1379, 1383 (Fed. Cir. 2022). Accordingly, "[t]he infringement analysis under § 271(e)(2)(A) requires consideration of the amended ANDA," rather than being "solely based on the initial ANDA filing." *Vanda Pharms. Inc. v. W.-Ward Pharms. Int'l Ltd.*, 887 F.3d 1117, 1126-27 (Fed. Cir. 2018)) (citation modified). Recognizing this, ACADIA correctly alleged in its Amended Complaint that "[Defendants'] submission of ANDA No. 214502 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the [patents-in-suit] under 35 U.S.C. § 271(e)(2)(A)." (D.I. 1 ¶ 54; D.I. 40 ¶ 59.)

Conversely, Defendants mischaracterize ACADIA's allegation as "Acadia asserted that Zydus's submission of ANDA No. 214502, ***seeking approval for Zydus's 34 mg tablet product*** … infringes the patents-in-suit," while citing to D.I. 1 ¶ 54 and D.I. 40 ¶ 59. (Defs.' Br. at 4.) However, those paragraphs are clearly not limited to either the supplement or Zydus's 34 mg tablet product. Instead, they allege that the Zydus Tablet ANDA as currently submitted— including all amendments and supplements to that application that have been allowed by the FDA—constitutes infringement of the patents-in-suit. (D.I. 40 ¶ 59.) Because "[w]hat [Defendants] ha[ve] asked the FDA to approve as a regulatory matter is the subject matter that determines whether infringement will occur," the Zydus Tablet ANDA submission is at issue here, which includes both its 10 mg and 34 mg tablet products. *Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1278-79 (Fed. Cir. 2013). A fact that Defendants understood when making their PIV Certification in which █████████████████████████

███████████████████████████████████████████. (Exhibit F.) For

example, Defendants stated that ███████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

(Exhibit F at 32-34.) Yet, █████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████. If Defendants were only

seeking approval of a 34 mg tablet product, they would have ██████████████████

████████████████

    Defendants also attempt to circumvent the 2023 Settlement Agreement by interpreting

their contractual obligations such that ████████████████████████████████████

██████████████████████ (Defs.' Br. at 7.) As an initial matter, it is unclear whether

Defendants believe that the 2023 Settlement Agreement still applies to the Zydus Tablet ANDA

and if so, in what way do they believe it applies. This issue would be probed with future

discovery, allowing the Parties to better tailor their arguments going forward.

    Defendants' reductionist interpretation of their contractual obligations is based on their

reading Section 2.3(a)-(b) in isolation which is impermissible. *Manti Holdings, LLC v. Authentix*

*Acquisition Co., Inc.*, 261 A.3d 1199, 1211 (Del. 2021) ("Delaware courts read contracts as a

whole" and do not read provisions "in isolation"). ████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████ (2023 Settlement Agreement at 4-6.)

13



(*Id.*)  Similarly, Section 2.2 also provides in relevant part that ████████████████████████ ████████████████████████ (*Id.* (replacing terms based on definitions).)  Additionally, Section 2.2 states that:

(*Id.* at 6.)  In other words, Defendants are currently permitted under the Agreement to obtain final FDA approval of the products described in the Zydus Tablet ANDA ████████████ ████████████████  Therefore, Section 2.3(a)'s provision ██████████ ████████████████████████ ████████████████████████ ████████████████████████

This interpretation is further bolstered by Section 2.3(b)'s provision ████████████ ████████████████████████ ████████████████████████ (*Id.* at 6-7.)  Here, the Zydus Tablet ANDA is ████████████████████████ ████████████████████████. Similarly, Section 2.3(b) also provides that ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ (*Id.*)  This likewise

14

reinforces that seeking final FDA approval ████████████████████████████

████ is prohibited as Defendants would otherwise not need to maintain or amend Paragraph IV

Certifications.

      **3.**       **ACADIA has plausibly alleged that Defendants have breached their contractual obligations by prematurely requesting final approval for the Zydus Tablet ANDA**

Defendants' request for final approval of the Zydus Tablet ANDA from the FDA, despite

████████████████████████████, would constitute a breach of the 2023

Settlement Agreement.  Because ████████████████████████████████,

their attempts to obtain regulatory approval of the Zydus Tablet ANDA, or its 10 mg tablet

product, beforehand is an act of infringement in breach of their contractual obligations.  (2023

Settlement Agreement at 3-6.)  As explained *supra*, Defendants cannot seek final approval until

██████████████████ without infringing the patents-in-suit or ████████████████

██████████████  In their motion, Defendants allege that Count II fails to state a claim

based on their mistaken belief that by adding the 34 mg tablet product to the Zydus Tablet

ANDA as a supplement, they can now treat the ANDA's 34 mg and 10 mg tablet products as if

they were submitted in two separate ANDAs, thereby obtaining the right to request FDA

approval and litigate the ANDA's infringement in piecemeal fashion.  When determining

whether an ANDA's submission was an act of infringement, the statutory scheme of 35 U.S.C. §

271(e) requires consideration of the ANDA as a whole.  35 U.S.C. § 271(e)(2)(A) ("It shall be

***an act*** of infringement to submit . . . ***an application*** under section 505(j) of the Federal Food,

Drug, and Cosmetic Act . . . .")  Therefore, at a minimum, ACADIA's allegations in Count II of

its First Amended Complaint plausibly allege breach of contract.  (D.I. 40, ¶¶ 69-74.)

    **4.**      **ACADIA has plausibly alleged that**
                **Defendants have breached their contractual**
                **obligations by challenging the validity of the patents-in-suit**

Defendants are directly or indirectly challenging the patentability, validity or enforceability of, or infringement by the Zydus Tablet ANDA, of the ACADIA Patents or any claims thereof.  The Zydus Tablet ANDA includes 10 mg and 34 mg pimavanserin tartrate tablet products, and thus, *inter alia*, this litigation ███████████████.  Defendants fail to apply the proper infringement analysis under 35 U.S.C. § 271(e)(2), which requires the consideration of ANDA No. 214502's submission in its entirety to determine whether it includes any infringing drug products or indications.  Instead, Defendants improperly restrict their infringement analysis to only consider the 34 mg tablet product and try to treat their recent supplement of ANDA No. 214502 as if it is a newly filed ANDA.  However, because ANDA No. 214502 currently seeks approval for both 10 mg and 34 mg tablet products, its submission constitutes an act of infringement if either of the proposed products would infringe.  By way of analogy, Defendants are essentially attempting to "skinny label" the 2023 Settlement Agreement by adding a second allegedly non-infringing indication (i.e., the 34 mg tablet) to its ANDA without removing the infringing indication (i.e., the 10 mg tablet).

Accordingly, Defendants' arguments fail to properly consider their entire Zydus Tablet ANDA submission when arguing that ████████████████████ ████████████████████████████████████████ *See, e.g.*, *id.*; *Salix Pharms., Ltd. v. Norwich Pharms. Inc.*, 98 F.4th 1056, 1068 (Fed. Cir. 2024), *cert. denied,* 145 S. Ct. 567 (2024), and *cert. denied,* 145 S. Ct. 983 (2024); *Vanda Pharms. Inc. v. W.-Ward Pharms. Int'l Ltd.*, 887 F.3d 1117, 1126-27 (Fed. Cir. 2018); *Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1279 (Fed. Cir. 2013).  Rather, both the Zydus Tablet

16

ANDA's proposed products are at issue here because "the FDA does not approve drugs in the abstract" so whether or not "the ANDA further recite[s] a non-patent-protected [product] does not negate the infringement resulting from the ANDA's submission." *Salix*, 98 F.4th at 1068.  If Defendants wanted their 34 mg tablet product to be considered all by itself, they could have submitted a new ANDA for it.

Moreover, Zydus's claim that ███████████████████████████ ███████████████████████ ignores both the Agreement's structure and the governing regulatory framework.  The definition turns on the ANDA as a whole and its bioequivalence relationship to ACADIA's products—not rigid distinctions in dosage form or strength. Because the 34 mg tablet was added to the same ANDA already covered by the Agreement and seeks FDA approval as part of that single submission, it falls within—or at least implicates—the definition.  At minimum, this issue raises factual questions that cannot be resolved on a motion to dismiss.

The Agreement ███████████████████ by reference to an ANDA submission, not to each dosage form separately.  Zydus's 34 mg tablet was added as a supplement to the same ANDA No. 214502 that includes the 10 mg tablet, and FDA and Hatch-Waxman practice treat an ANDA as a single application encompassing multiple strengths.  The definition's examples— ████████████████████████—are descriptive rather than limiting; what matters is the ANDA's pursuit of FDA approval and its bioequivalence relationship to ACADIA's products.  If the 34 mg tablet seeks FDA approval as bioequivalent to an ACADIA pimavanserin product, it fits squarely within that language.

Even if the 34 mg tablet were ultimately found not bioequivalent to ACADIA's 34 mg capsule, it remains governed by the Agreement.  ███████████████████████████

17

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████ Delaware law requires courts to construe contracts to effectuate their purpose and avoid unreasonable results. *See Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159-60 (Del. 2010); *NAMA Holdings, LLC v. World Mkt. Ctr. Venture, LLC*, 948 A.2d 411, 419 (Del. Ch. 2007).

At the very least, ████████████████████████████

██████████████████████████████████████████████

████████████████████████████████. Such ambiguities cannot be resolved on a Rule 12(b)(6) motion. *See Winfield v. Eloxx Pharms., Inc.*, 2020 WL 1333008 at *1 (D. Del. Mar. 23, 2020). Because ACADIA has plausibly alleged that █████████████

██████████████████████████████████████████████

dismissal of Count II should be denied.

5. **Defendants failed to establish that their interpretations of the 2023 Settlement Agreement's provisions are the *only* reasonable constructions as a matter of law**

Defendants argue that ██████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████ (Defs.' Br. at 7.) Put another way, Defendants' interpretation would require the Zydus Tablet ANDA to only describe ████████████████████

██████████████████████████████████████████████

██████████████████████  Defendants' interpretation is evidently wrong because it fails to "give effect to the plain meaning of the [2023 Settlement Agreement's] terms and provisions," or to "give each provision and term effect" and would instead render terms "meaningless or illusory." *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199, 1208 (Del. 2021). For example, the Agreement provides in relevant part that ████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████ (2023 Settlement Agreement at 3-4.) Defendants interpret the phrase ████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████ However, the plain meaning of that phrase simply requires ████████████████████████████ ████████████████. In other words, because the supplement did not remove or exclude the 10 mg tablet product from the Zydus Tablet ANDA, its addition of a 34 mg tablet product did not change the Zydus Tablet ANDA's product from a 10 mg tablet product.

Moreover, ACADIA's interpretation—████████████████████ ████████████████████████████ ████████████████████ Indeed, ACADIA's interpretation allows ████████

██████████████████████████████████████████ While

Defendants' interpretation of ████████████████████████

████████████████████████████████████████████

██████████████████████████████. Therefore, defining the term ████

████████████████████ would be meaningless.

## V.    CONCLUSION

For the foregoing reasons, ACADIA respectfully requests that this Court deny

Defendants' motion to dismiss.

20

OF COUNSEL:

Chad J. Peterman
Bruce M. Wexler
Scott F. Peachman
Peter E. Conway
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Felix A. Eyzaguirre
PAUL HASTINGS LLP
609 Main Street, Suite 2500
Houston, TX 77002
(713) 860-7300


Dated: November 12, 2025

SAUL EWING LLP

/s/ Michelle C. Streifthau-Livizos
James D. Taylor, Jr. (#4009)
Michelle C. Streifthau-Livizos (#6584)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
(302) 421-6800
james.taylor@saul.com
michelle.streifthau-livizos@saul.com

*Attorneys for Plaintiff*
*ACADIA Pharmaceuticals Inc.*