# Exhibit A

Redacted in its Entirety

# Exhibit B
# Redacted in its Entirety

# Exhibit C

PUBLIC VERSION FILED NOVEMBER 19, 2025



ANDA 214502

**ANDA TENTATIVE APPROVAL**

Zydus Pharmaceuticals (USA) Inc.
73-B, Route 31 North
Pennington, NJ 08534
Attention:  Srinivas Gurram
              Sr VP - Head of Regulatory Affairs and CQA Lead- Americas

Dear Srinivas Gurram:

This letter is in reference to your abbreviated new drug application (ANDA) received for review on April 29, 2020, submitted pursuant to section 505(j) of the Federal Food, Drug, and Cosmetic Act (FD&C Act) for Pimavanserin Tablets, 10 mg.

Reference is also made to the complete response letter issued by this office on April 14, 2021, and to any amendments thereafter.

We have completed the review of this ANDA and have concluded that adequate information has been presented to demonstrate that the drug meets the requirements for approval under the FD&C Act.  We have determined your Pimavanserin Tablets, 10 mg, to be bioequivalent and therapeutically equivalent to the reference listed drug (RLD), Nuplazid Tablets, 10 mg, of Acadia Pharmaceuticals Inc. (Acadia).

However, we are unable to grant final approval to your ANDA at this time because of the patent issue noted below.  Therefore, the ANDA is **tentatively approved**.  This determination is based upon information available to the Agency at this time (e.g., information in your ANDA and the status of current good manufacturing practices (cGMPs) of the facilities used in the manufacturing and testing of the drug product). This determination is subject to change on the basis of new information that may come to our attention.  This letter does not address issues related to the 180-day exclusivity provisions under section 505(j)(5)(B)(iv) of the FD&C Act.

The RLD upon which you have based your ANDA, Acadia's Nuplazid Tablets, 10 mg, is subject to periods of patent protection.  The following patents and expiration dates are currently listed in the Agency's publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book"):

| U.S. Patent Number | Expiration Date |
| --- | --- |
| 7,601,740 (the '740 patent) | April 29, 2030 |

**U.S. Food & Drug Administration**
**Silver Spring, MD 20993**
www.fda.gov

CONFIDENTIAL PURSUANT TO DEL. L. RULE 26.2                                                                    ZYD-PIMA34T-0024390

ANDA 214502
Page 2

| | |
|---|---|
| 7,659,285 (the '285 patent) | August 24, 2026 |
| 7,732,615 (the '615 patent) | June 3, 2028 |
| 7,923,564 (the '564 patent) | September 26, 2025 |
| 8,618,130 (the '130 patent) | January 15, 2024 |
| 8,921,393 (the '393 patent) | January 15, 2024 |
| 9,566,271 (the '271 patent) | January 15, 2024 |
| 9,765,053 (the '053 patent) | July 27, 2022 |
| 10,028,944 (the '944 patent) | January 15, 2024 |
| 10,517,860 (the '860 patent) | March 23, 2037 |
| 10,953,000 (the '000 patent) | March 23, 2037 |

With respect to the '130, '393, '271, '053 and '944 patents, your ANDA contains paragraph III certifications to each of the patents under section 505(j)(2)(A)(vii)(III) of the FD&C Act stating that Zydus Pharmaceuticals (USA) Inc. (Zydus) will not market Pimavanserin Tablets, 10 mg, prior to the expiration of the patents. Therefore, final approval of your ANDA may not be granted pursuant to section 505(j)(5)(B)(ii) of the FD&C Act until the '130, '393, '271, and '944 patents have expired, currently January 15, 2024.

Your ANDA contains paragraph IV certifications to the '740, '285, '615, '564, '860 and '000 patents[1] under section 505(j)(2)(A)(vii)(IV) of the FD&C Act stating that the patents are invalid, unenforceable, or will not be infringed by your manufacture, use, or sale of Pimavanserin Tablets, 10 mg, under this ANDA. You have notified the Agency that Zydus complied with the requirements of section 505(j)(2)(B) of the FD&C Act. Litigation was initiated within the statutory 45-day period against Zydus for infringement of the '740, '615, and '860 patents in the United States District Court for the District of Delaware [Acadia Pharmaceuticals, Inc. v. Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited, Civil Action No. 20-01021].

Therefore, final approval cannot be granted until:

1. a. the expiration of the 7.5-year period provided for in sections 505(j)(5)(B)(iii) and 505(j)(5)(F)(ii) of the FD&C Act,

U.S. Food & Drug Administration
Silver Spring, MD 20993
www.fda.gov

CONFIDENTIAL PURSUANT TO DEL. L. RULE 26.2                                                       ZYD-PIMA34T-0024391

ANDA 214502
Page 3

  b. the date the court decides[2] that the '740, '615, and '860 patents are invalid or not infringed (see sections 505(j)(5)(B)(iii)(I), (II), and (III) of the FD&C Act), or

  c. the '130, '393, '271, '053, '944, '740, '615, and '860 patents have expired, and

2. The Agency is assured there is no new information that would affect whether final approval should be granted.

Please note that if FDA requires a Risk Evaluation and Mitigation Strategy (REMS) for a listed drug, an ANDA citing that listed drug also will be required to have a REMS. See section 505-1(i) of the FD&C Act.

**RESUBMISSION**

To request final approval, please submit an amendment titled "FINAL APPROVAL REQUESTED" with enough time to permit FDA review prior to the date you believe that your ANDA will be eligible for final approval. A request for final approval that contains no new data, information, or other changes to the ANDA generally requires a period of 3 months for Agency review. Accordingly, such a request for final approval should be submitted no later than 3 months prior to the date on which you seek approval. A request for final approval that contains substantive changes to this ANDA or changes in the status of the manufacturing and testing facilities' compliance with cGMPs will be classified and reviewed according to OGD policy in effect at the time of receipt. Applicants should review available agency guidance for industry related to amendments under the generic drug user fee program to determine the duration of Agency review needed to review the changes submitted. As part of this consideration, applicants should monitor any changes to the RLD that occur after tentative approval, including changes in labeling, patent or exclusivity information, or marketing status. The submission of multiple amendments prior to final approval may also result in a delay in the issuance of the final approval letter.

The amendment requesting final approval should provide the legal/regulatory basis for your request for final approval and should include a copy of a court decision, settlement or licensing agreement, or other information described in 21 CFR 314.107, as appropriate. It should also identify changes, if any, in the conditions under which the ANDA was tentatively approved, e.g., updated information such as final-printed labeling, chemistry, manufacturing, and controls data as appropriate. This amendment should be submitted even if none of these changes were made, and it should be designated clearly in your cover letter as a "FINAL APPROVAL REQUESTED"

In addition to the amendment requested above, the Agency may request, at any time prior to the date of final approval, that you submit an additional amendment containing information as specified by the Agency. Failure to submit either or, if requested, both

ANDA 214502
Page 4

types of amendments described above may result in a delay in the issuance of the final approval letter.

This drug product may not be marketed without final Agency approval under section 505(j) of the FD&C Act. The introduction or delivery for introduction into interstate commerce of this drug product before the final approval date is prohibited under section 301 of the FD&C Act. Also, until the Agency issues the final approval letter, this drug product will not be deemed approved for marketing under section 505(j) of the FD&C Act, and will not be listed in the Orange Book.

**ANNUAL FACILITY FEES**

The Generic Drug User Fee Amendments of 2012 (GDUFA) (Public Law 112-144, Title III) established certain provisions[3] with respect to self-identification of facilities and payment of annual facility fees. Your ANDA identifies at least one facility that is subject to the self-identification requirement and payment of an annual facility fee. Self-identification must occur by June 1st of each year for the next fiscal year. Facility fees must be paid each year by the date specified in the *Federal Register* notice announcing facility fee amounts.

All finished dosage forms or active pharmaceutical ingredients manufactured in a facility that has not met its obligations to self-identify or to pay fees when they are due will be deemed misbranded. This means that it will be a violation of federal law to ship these products in interstate commerce or to import them into the United States. Such violations can result in prosecution of those responsible, injunctions, or seizures of misbranded products. Products misbranded because of failure to self-identify or pay facility fees are subject to being denied entry into the United States.

In addition, we note that GDUFA requires that certain non-manufacturing sites and organizations listed in generic drug submissions comply with the self-identification requirement. The failure of any facility, site, or organization to comply with its obligation to self-identify and/or to pay fees when due may raise significant concerns about that site or organization and is a factor that may increase the likelihood of a site inspection prior to approval. FDA does not expect to give priority to completion of inspections that are required simply because facilities, sites, or organizations fail to comply with the law requiring self-identification or fee payment.

U.S. Food & Drug Administration
Silver Spring, MD 20993
www.fda.gov

CONFIDENTIAL PURSUANT TO DEL. L. RULE 26.2                                    ZYD-PIMA34T-0024393

ANDA 214502
Page 5

For further information on the status of this ANDA or upon submitting an amendment to the ANDA, please contact Sarah Taylor, Regulatory Project Manager, at (301) 796 - 9323.

Sincerely yours,

*{See appended electronic signature page}*

For Edward M. Sherwood
Director
Office of Regulatory Operations
Office of Generic Drugs
Center for Drug Evaluation and Research

---

[1] The Agency notes that the '000 patent was submitted to the Agency after submission of your ANDA. Litigation, if any, with respect to this patent would not create a statutory stay of approval.
[2] This decision may be either a decision of the district court or the court of appeals, whichever court is the first to decide that the patent is invalid or not infringed.
[3] Some of these provisions were amended by the Generic Drug User Fee Amendments of 2017 (GDUFA II) (Public Law 115-52, Title III).

**U.S. Food & Drug Administration**
**Silver Spring, MD 20993**
www.fda.gov

 John Ibrahim

Digitally signed by John Ibrahim
Date: 12/21/2021 01:43:05PM
GUID: 542af06d0124375c12e8c1d9fc86e87c

Page 6 of 6

CONFIDENTIAL PURSUANT TO DEL. L. RULE 26.2                                        ZYD-PIMA34T-0024395

# Exhibit D
# Redacted in its Entirety

# Exhibit E
# Redacted in its Entirety

# Exhibit F
# Redacted in its Entirety