# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ACADIA PHARMACEUTICALS INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 25-cv-187-GBW |
| ZYDUS LIFESCIENCES LTD., et al., | ) ) | |
| Defendants. | ) ) ) | |

## [PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

WHEREAS the Parties expect discovery requests made in this litigation ("Litigation," which includes any appeals therefrom), to encompass certain documents, things, and information that may constitute trade secrets and/or other confidential research, development, business, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) for which special protection from public disclosure and from use for any purpose other than in this Litigation is warranted;

WHEREAS, the Parties to this action seek to establish a mechanism to protect information produced by parties and non-parties in this case from improper disclosure;

WHEREAS, the Parties were previously engaged in litigation concerning U.S. Patent Nos. 10,517,860 and 10,953,000 in *ACADIA Pharmaceutical Inc. v. Aurobindo Limited et al.*, Civil Action No. 20-0985-GBW (consolidated) ("Prior Pimavanserin Litigation"), and wish to use discovery from the Prior Pimavanserin Litigation in this Litigation; and

WHEREAS, ACADIA settled previous litigation concerning NUPLAZID®

(pimavanserin) products with Third Parties, which settlement agreements may be relevant to

Count II of Plaintiff's First Amended Complaint (D.I. 40);

NOW THEREFORE, the Parties HEREBY STIPULATE to the entry of this Protective

Order regarding discovery in this Litigation.

**DEFINITIONS**

1.      "Affiliate" means any Third Party that directly or indirectly through one or more

intermediaries controls, or is controlled by, or is under common control with, a Party to this

Litigation.

2.      "**Confidential Information**" means information that constitutes, contains,

reveals, or reflects trade secrets or other confidential business and/or commercial information

within the meaning of Fed. R. Civ. P. 26(c)(1)(G), including but not limited to: product

information; financial, budgeting and/or accounting information; information about existing and

potential customers; marketing and other business strategies, decisions, or negotiations;

personnel compensation, evaluations, and other employment information; information received

from a Third Party pursuant to a confidentiality, non-disclosure, or similar agreement; and

includes such confidential and proprietary information about a Third Party, including parents,

subsidiaries, and/or other Affiliates.  Provisions of this Protective Order relating to Confidential

Information shall be understood to encompass any information derived from, as well as

testimony and oral conversation related to, Confidential Information, and all copies, excerpts,

and summaries thereof.

3.      "**Highly Confidential Information**" means Confidential Information that is of

such a sensitive nature that it supports a reasonable and good-faith belief that access to such

2

information should be limited to outside counsel to avoid the risk of placing the Producing Party at a competitive disadvantage. Such information includes, without limitation:

(a)      Unpublished pending patent applications, any investigational new drug applications or approved or unapproved new drug applications, as well as any related submissions and correspondence to and from the U.S. Food and Drug Administration ("FDA"), highly-sensitive research and development information, and highly-sensitive business and financial information;

(b)      Non-public financial or marketing information, including but not limited to confidential business, business relationship and/or business intelligence information;

(c)      Information relating to products in development or not yet commercially launched;

(d)      ANDA No. 214502, as well as any related submissions and correspondences to and from the FDA and highly-sensitive research and development information; and

(e)      Settlement agreements between ACADIA and any Third Party to resolve the Prior Pimavanserin Litigation against that Third Party.

4.      "Designated Inside Representative" means an in-house counsel or legal representative who is designated during this Litigation pursuant to Paragraph 33(c) of this Protective Order.

5.      "Discovery Material" means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Litigation, including responses to requests for production of documents and/or tangible objects, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the

Federal Rules of Civil Procedure, including Third Party discovery pursuant to Fed. R. Civ. P. 45, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Litigation.  This Protective Order and protections herein shall apply to all Discovery Material.

6.      "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Litigation who has been retained by a Party or its Inside or Outside Counsel to serve as an expert witness or as a consultant in this Litigation who, at the time of retention, is not an officer, director, or employee of a Party or an Affiliate and is not anticipated to become an officer, director, or employee of a Party or an Affiliate.  Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

7.      "Outside Counsel" means attorneys who are not employees of a Party or Affiliate but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

8.      "Party" means a party to this Litigation.

9.      "Producing Party" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Litigation.

10.      "Professional Vendor(s)" means persons or entities that provide litigation support services (*e.g.*, photocopying; audio or video recording; translating, preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; jury consulting; trial technicians, or mock trial coordination) and their employees and subcontractors.

11.     "Patents-in-Suit" means any patent on which claims or counterclaims have been asserted by the Parties in this Litigation, including but not limited to United States Patent Nos. 7,601,740 ("the '740 patent"), 7,659,285 ("the '285 patent"), 7,732,615 ("the '615 patent"), 10,517,860 ("the '860 patent"), and 10,953,000 ("the '000 patent").

12.     "Patent Prosecution" means participation in or direct contribution to drafting, revising, amending, or modifying – or advising regarding the drafting, revising, amending, or modifying – the scope of patent claims during prosecution proceedings in the United States or in any foreign country.  Patent Prosecution proceedings do not include opposition, *inter partes* review, interference, or other post-grant proceedings before the United States Patent and Trademark Office ("USPTO") or any foreign patent-granting authority, provided, however, that anyone involved in such proceedings may not participate in, directly contribute to, or advise concerning the drafting, revising, amending, or modifying of patent claims.

13.     "Protective Order" or "this Order" means this Stipulated Protective Order.

14.     "Receiving Party" means any Party that receives information produced or otherwise disclosed by any Producing Party.

15.     "Third Party" means a person or entity that is not a Party.

### SCOPE

16.     The protections conferred by this Order shall govern all Confidential Information from a Producing Party in response to a discovery request, whether formal or informal, in this action.  Those protections shall also extend to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Receiving Parties or counsel for Receiving Parties in other settings that might reveal Confidential Information.

5

**DESIGNATION**

17.     Any Producing Party may designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Protective Order if such Party in good-faith believes that such Discovery Material contains Confidential Information as defined in Paragraphs 2 and 3.

18.     Notwithstanding anything to the contrary herein, the description "Confidential Information" shall apply to all that information so designated as "CONFIDENTIAL," and the description "Highly Confidential Information" shall apply to all that information so designated as "HIGHLY CONFIDENTIAL" by the Producing Party absent an order of the Court or subsequent written agreement of the Producing Party providing otherwise.

19.     Discovery Material may, as appropriate, be marked by the Producing Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and the Producing Party must use reasonable efforts to ensure that such legend appears on each page of each document or file as the format permits.  Tangible objects constituting or containing Confidential Information or Highly Confidential Information may be designated by affixing, to the object or its container, a label or tag marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  With respect to documents containing Confidential Information or Highly Confidential Information produced in native format, the Producing Party shall include the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the filename.  With respect to all documents produced that contain Confidential Information or Highly Confidential Information, the Producing Party shall also include in the load file the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

20.     Information revealed by inspection of things and premises under Fed. R. Civ. P. 34 shall be treated as though it were designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL provided that, prior to or at any time up to 30 days (as calculated by Fed. R. Civ. P. 6) after the inspection, the Party permitting inspection specifically identifies in writing any Discovery Material to be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL that will be or was disclosed by the inspection.  There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Discovery Material before it is copied and marked pursuant to this Order.  Inspection of Discovery Material designated CONFIDENTIAL by any Party shall be conducted by persons eligible under Paragraph 33 below.  Inspection of Discovery Material designated HIGHLY CONFIDENTIAL by any Party shall be conducted by persons eligible under Paragraph 34 below.

21.     Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated as Confidential Information, Highly Confidential Information, or not, any information containing privileged material, or any data protected from disclosure by state, federal, or foreign laws or regulations.  By way of non-limiting example, these categories may include sexual orientation, religion, health information, labor union affiliation, financial information, and political affiliation or similar data.  The basis for redactions should be identified at the location of each redaction (e.g., "Privileged," "Privacy," or "Nonresponsive").  The parties agree that productions of any information subject to state, federal, or foreign data protection laws or other privacy obligations may require additional safeguards and will meet and confer to implement these safeguards if and when needed.  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

22.     The Parties agree to meet and confer regarding additional safeguards for particular documents if and when needed.  The Parties also agree to meet and confer on all other

disputes relating to this Protective Order and discovery generally prior to seeking the intervention of the Court.

23.     The Parties agree that non-responsive attachments to responsive parent documents need not be produced.  For any such attachments not produced, a placeholder slip-sheet endorsed "Withheld Non-Responsive" will be produced to capture the relationship.

24.     Information of a Producing Party revealed during a hearing or deposition upon oral or written examination under Fed. R. Civ. P. 30 shall be treated as Confidential Information or Highly Confidential Information by a Receiving Party for 30 days (as calculated by Fed. R. Civ. P. 6) following receipt of the final transcript by Outside Counsel for the Producing Party, but not thereafter unless, before the 30-day period has expired, Outside Counsel or Designated Inside Representative for the Producing Party notifies Outside Counsel or Designated Inside Representative for the Receiving Party in writing that the Discovery Material set forth in the transcript is Confidential Information or Highly Confidential Information.  Counsel for any Party or Third Party whose Confidential Information or Highly Confidential Information has been disclosed during a deposition or hearing also may designate the transcript or portions thereof to be Confidential Information or Highly Confidential Information during the deposition.  The legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be placed on the front of any deposition transcript (and, if recorded, any copies of the recording) containing Confidential Information or Highly Confidential Information.

25.     Any Court filing that contains, describes, or discusses Confidential Information or Highly Confidential Information shall be filed under seal pursuant to the requirements of District of Delaware Local Rule 5.1.3, the Court's CM/ECF procedures, and any other applicable rules or procedures.  The filing Party must include on the cover page of the brief or other filing a

descriptive legend in the following format: "CONTAINS PLAINTIFF'S HIGHLY CONFIDENTIAL INFORMATION" or "CONTAINS DEFENDANT'S CONFIDENTIAL INFORMATION" or "CONTAINS PLAINTIFF'S AND DEFENDANT'S HIGHLY CONFIDENTIAL INFORMATION" or "CONTAINS THIRD-PARTY CONFIDENTIAL INFORMATION" or another suitable legend.  The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.  Outside Counsel for the Party filing papers containing, describing, or discussing Confidential Information or Highly Confidential Information shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with paragraph (G)(1) of the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means, and any other applicable rules or procedures.  If the filing contains the Confidential Information or Highly Confidential Information of the Party who did not file the document, within five days from the date of a filing made under seal, Outside Counsel for the filing Party or filing Third Party shall deliver to Outside Counsel for the non-filing Party or Parties a proposed public version of the filing that was made under seal if it contains the non-filing Party's Confidential Information or Highly Confidential Information, and this proposed public version shall include redactions of Confidential Information or Highly Confidential Information.  Within five days after receipt of the proposed public version, Outside Counsel for the non-filing Party shall provide any additional redactions it believes appropriate.  Redacted versions of papers filed under seal may be made publicly available provided that (a) all Confidential Information is redacted; and (b) such redacted versions are clearly marked "Public Version," and clearly identify each place where information or exhibits have been redacted or deleted.

9

## USE

26.     All information designated as Confidential Information or Highly Confidential Information by the Producing Party or Third Party pursuant to this Order and disclosed in this Litigation shall be used by the Receiving Party solely for the purposes of prosecuting, defending, or attempting to settle this Litigation (including using such information for evaluating the assertion of additional patents in this Litigation or separate actions) and in any related appellate proceeding, and not for any other purpose whatsoever, except as permitted by order of the Court, or as agreed by the Parties.  If the need arises, the parties agree to meet and confer to discuss whether Confidential Information or Highly Confidential Information may be used in any post-grant proceedings before the USPTO, such as in an *inter partes* review proceeding, involving one or more Patents-in-Suit.

27.     All Confidential Information and Highly Confidential Information shall be held in confidence by each person to whom it is disclosed and shall not be disclosed to any person who is not entitled to receive it under the terms of this Protective Order.  All Confidential Information and Highly Confidential Information and things shall be securely maintained by recipients so as to preclude access by persons who are not entitled to receive such information and things.

28.     Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Litigation and, in the course thereof, relying in a general way upon his or her examination of Confidential Information or Highly Confidential Information produced or exchanged in this Litigation; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any Confidential Information or Highly Confidential Information, the attorney shall not disclose the contents of Confidential Information or Highly Confidential Information produced by any other Party or Third Party.

10

29.     Absent written consent from the Producing Party, any attorney, patent agent, independent Expert, or other person who receives Confidential Information or Highly Confidential Information shall not (1) be involved in Patent Prosecution pertaining to pimavanserin (including its salts), crystalline forms of pimavanserin, formulations containing pimavanserin, and methods of treatment including pimavanserin and (2) have any involvement in preparing or submitting any Citizen Petition relating to pimavanserin during the pendency of this Litigation and for one (1) year after the termination of this Litigation, including any appeals. Nothing in this paragraph shall be construed to prohibit an individual from communicating with or providing submissions to the FDA on behalf of a Party relating to that Party's own ANDA or NDA, including responding to any Citizen Petition relating to that Party's own ANDA or NDA, so long as such individual does not use Confidential Information or Highly Confidential Information received from an opposing party in this action in connection with such submission. Nothing in this paragraph shall be construed to prohibit an individual from participating in reexamination, reissue, or post-grant proceedings, such as an *inter partes* review, on behalf of an entity attempting to invalidate or defend the validity of the Patents-in-Suit provided, however, that anyone involved in such proceedings may not participate in, directly contribute to, or advise concerning the drafting, revising, amending, or modifying of patent claims.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in Patent Prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office, or any similar agency of a foreign government, to assist a patent applicant in complying with its duty of candor.  The Parties expressly agree that the prosecution bar and Citizen Petition bar set forth herein shall be personal to any attorney who

11

reviews Confidential Information or Highly Confidential Information and shall not be imputed to any other persons or attorneys at the attorneys' law firm or company.

30.    Any current employee or expert witness of a Party may be examined at trial or upon deposition concerning any Confidential Information or Highly Confidential Information of such Party.  Additionally, a formerly employed officer or employee of a Party may be examined at trial or upon deposition concerning Confidential Information or Highly Confidential Information if the material reveals on its face, or it is otherwise established, that the witness authored, saw, or had access to the Confidential Information or Highly Confidential Information in the ordinary course of business and outside the context of this Litigation.

31.    At the deposition of any corporate representative designated to testify on behalf on a Party on a particular topic or subject area pursuant to Fed. R. Civ. P. 30(b)(6), such witness may be shown Confidential Information or Highly Confidential Information that is within the particular topic or subject area if the Producing Party is the Party being deposed.

32.    Any other person may be examined as a witness at trial or upon deposition concerning any Confidential Information or Highly Confidential Information which that person had lawfully generated, received, or which was previously communicated to that witness.  Third Parties may designate as Confidential Information or Highly Confidential Information deposition transcripts of their witnesses and any Discovery Material they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as Parties.  Any such Confidential Information or Highly Confidential Information shall be treated by the Parties in the same manner as the Confidential Information or Highly Confidential Information produced by a Party. Third Parties shall have the same rights and obligations under this Protective Order as Parties and may move the Court to enforce the provisions of this Protective Order.

## DISCLOSURE OF INFORMATION MARKED "CONFIDENTIAL"

33.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, information marked "CONFIDENTIAL" may be disclosed by the Receiving Party only to the following persons:

(a)    Outside Counsel for Plaintiff in the above-captioned case.

(b)    Outside Counsel for Defendants in the above-captioned case.

(c)    Two (2) Designated Inside Representatives for Plaintiff, and two (2) Designated Inside Representatives per Defendant Group,[1] who, because of their duties and responsibilities, require access to Confidential Information, provided such Designated Inside Representatives abide by the restrictions set forth in this Order, including in Paragraph 31, and provided that such persons are not involved in advising others within the company with regard to the pricing, sales, or marketing of any pimavanserin product.  A Designated Inside Representative's role as supervisor of an attorney or patent agent engaged in Patent Prosecution described herein shall not, in itself, constitute evidence that the Designated Inside Representative is engaged in Patent Prosecution.  The restriction described in this Paragraph shall begin when access to Confidential Information is first received by the affected individual and shall end the earlier of (i) one year after final termination of this Litigation with respect to the Party that designated such person as a representative or (ii) one year after a Designated Inside Representative withdraws from representing a Party in this Litigation and the Party that the Designated Inside Representative represents removes him or her from its list of Designated Inside Representatives.

(d)    Support personnel for attorneys or representatives listed in Paragraph 33(a), (b), and (c), such as law clerks, paralegals, secretaries, IT personnel, and clerical staff, assisting with

---

[1] "Defendant Group" refers to all parties sued in a single cause of action.

13

this Litigation under the supervision of an attorney or representative described in Paragraph 33(a), (b), and (c).

(e)    Scientific advisors, and patent agents regularly employed by Outside Counsel so long as they are subject to the same restrictions as Outside Counsel set forth in Paragraph 29.

(f)    Professional Vendors.

(g)    Any Expert who is expressly retained by any Outside Counsel or Designated Inside Representative to assist in this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure only to the extent necessary to perform such work.

(h)    Support personnel for Experts listed in Paragraph 33(g), such as secretaries and clerical staff assisting with this Litigation under the supervision of an Expert described in Paragraph 33(g).

(i)    Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation or any videographer who is recording a deposition in connection with this Litigation.

(j)    Personnel of the Court and all appropriate courts of appellate jurisdiction.

(k)    A corporate witness designated by the Producing Party under Fed. R. Civ. P. 30(b)(6) to provide testimony on a topic relevant to the Confidential Information.

(l)    Any other person requested by a Receiving Party and agreed to by the Producing Party in writing pursuant to Paragraph 33.

14

## DISCLOSURE OF INFORMATION MARKED
## "HIGHLY CONFIDENTIAL"

34.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Highly Confidential Information may be disclosed by the Receiving Party only to the persons identified in Paragraph 33(a), (b), (e)-(1), and:

(a)    Support personnel for attorneys listed in Paragraph 33(a) and (b), such as law clerks, paralegals, secretaries, IT personnel, and clerical staff, assisting with this Litigation under the supervision of an attorney described in Paragraph 33(a) and (b).

35.    For the avoidance of doubt, the restrictions in Paragraphs 29 and 33 shall apply only to individuals who obtain, receive, or otherwise learn of, in whole or in part, Confidential Information or Highly Confidential Information, and not by implication to other employees of the firms or organizations by which they are employed.

36.    Confidential Information or Highly Confidential Information other than a party's own shall not be disclosed to persons described in Paragraph 33(e), (f), (g), or (k) unless and until such person has executed an acknowledgement in the form attached as Exhibit A.  Either Outside Counsel or Designated Inside Representatives must maintain a copy of the executed Exhibit A for each individual falling under Paragraph 33(e), (f), (g), or (k) during the Litigation and for a period of one year thereafter.

37.    As a condition precedent to disclosure of any Confidential Information or Highly Confidential Information of a Producing Party to an individual described above in Paragraph 33(g), at least seven days (as calculated by Fed. R. Civ. P. 6) before the disclosure of the Confidential Information or Highly Confidential Information is made, Outside Counsel for the Receiving Party shall serve a Notice on the Producing Party identifying such individual by name and including a curriculum vitae ("CV") or equivalent resume disclosing the individual's

employment history, all cases in which the individual has testified in a deposition or a trial in the past five years, and an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.  If a Producing Party objects to the proposed disclosure to such individual, the Parties shall promptly confer in good-faith to resolve the concerns giving rise to the objection.  If the Parties are unable to reach agreement regarding such disclosure, the objecting Party must apply to the Court for a protective order no later than 10 days (as calculated by Fed. R. Civ. P. 6) after receipt of the executed acknowledgement in the form attached as Exhibit A and the CV or resume.  The burden shall be on the objecting Party to demonstrate to the Court why such individual should not be permitted to receive Confidential Information or Highly Confidential Information under the Protective Order.  Confidential Information and Highly Confidential Information shall not be disclosed to such individual pending the Court's resolution of the dispute.  The foregoing 7- and 10-day periods may be extended or shortened by agreement of the Parties or by Order of the Court.

38.     Confidential Information shall not be disclosed to persons described in Paragraph 33(c) unless and until such a person has executed an acknowledgement in the form attached as Exhibit B.  Either Outside Counsel or Designated Inside Representatives must maintain a copy of the executed Exhibit B for each individual falling under Paragraphs 33(c) during the Litigation and for a period of one year thereafter.  During the pendency of this Litigation, a Party that seeks to designate a Designated Inside Representative or designate a replacement Designated Inside Representative with a new designee (as provided herein) must first provide notice to the Producing Party by service of the acknowledgement in the form attached as Exhibit B completed and signed by the proposed Designated Inside Representative.  A Party that designates a Designated Inside Representative or replaces a Designated Inside Representative and provides

16

the information specified in the preceding sentence may disclose Confidential Information to the newly identified Designated Inside Representative unless, within seven days of delivering the notice (as calculated by Fed. R. Civ. P. 6), the Party receives a written objection from an objecting Party.  Any such objection must set forth in detail the grounds on which such objection is based.  A Party that receives a timely written objection must meet and confer with the objecting Party to try to resolve the matter by agreement.  If the Parties are unable to reach agreement regarding such designation, the objecting Party must apply to the Court for a protective order no later than ten days (as calculated by Fed. R. Civ. P. 6) after receipt of the executed acknowledgement in the form attached as Exhibit B or Exhibit C.  The foregoing 7- and 10-day periods may be extended or shortened by agreement of the Parties or by Order of the Court.

39. Without prior written approval of the Producing Party, which shall not be unreasonably withheld, or an order from the Court, no person or Party permitted access to any Confidential Information or Highly Confidential Information may disclose the Confidential Information or Highly Confidential Information of one Defendant Group to any other Defendant Group.

40. The recipient of any Confidential Information and/or Highly Confidential Information that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such information (including any summaries, analyses, or other derivative materials disclosing or reflecting the content of that information) in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

## EXEMPTED MATERIALS AND OBJECTION TO DESIGNATIONS

41.    Any Receiving Party may object to the designation by the Producing Party of any Discovery Material as Confidential Information or Highly Confidential Information at any time. The process for making an objection to the designation of Discovery Material as Confidential Information or Highly Confidential Information and for resolving the dispute shall be as follows:

(a)    For Discovery Material designated as Confidential Information, Outside Counsel or Designated Inside Representative for a Receiving Party shall notify Outside Counsel for the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated Confidential Information well as the reasons for the objection.

(b)    For Discovery Material designated as Highly Confidential Information, Outside Counsel for a Receiving Party shall notify Outside Counsel for the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated Highly Confidential Information well as the reasons for the objection.

(c)    Within 14 days of the service of the notice in section (a), Outside Counsel or Designated Inside Representative for the Receiving Party shall thereafter have the burden of conferring either in-person or by telephone with Outside Counsel for the Producing Party claiming protection (as well as any other interested Third Party) in a good-faith effort to resolve the dispute.  In conferring, the Receiving Party must explain, as to each challenged document or material, the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the confidentiality designation.  The Receiving Party may proceed to the next stage of the challenge

18

process only if it has engaged in this meet-and-confer process first or establishes that the Producing Party is unwilling to participate in the meet-and-confer process in a timely manner.

(d)     With respect to the notice in section (b), the same procedures will be followed as stated in (c) excluding the participation of Designated Inside Representative for the Receiving Party.

(e)     Failing agreement, the Receiving Party may apply to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.  The Receiving Party must contact the Court within 21 days of the initial notice in section (a) or (b) or within 14 days of the parties agreeing that the meet-and-confer process in section (c) or (d) will not resolve their dispute, whichever is earlier.  If the parties do not agree to some other deadline, the Receiving Party's failure to contact the Court within the period described in this section waives the Receiving Party's objection(s).  The Producing Party bears the burden to establish that the Discovery Material is Confidential Information as defined in Paragraph 2 or Highly Confidential Information in Paragraph 3 and entitled to such protection under this Protective Order.

42.     The right to challenge, and the process for challenging, the existence or designation of redactions shall be the same as the right to challenge and the process for challenging the designation of Confidential Information or Highly Confidential Information as set forth in Paragraph 41.

43.     The restrictions and obligations set forth herein relating to material designated as Confidential Information or Highly Confidential Information shall not apply to any information that:

(a)     the Parties (and, if a Third Party produced Confidential Information, the Third Party) agree or the Court rules, is already public knowledge or was improperly designated by the

Producing Party because it does not satisfy the definition of Confidential Information or Highly Confidential Information set forth in this Order;

(b)     the Parties (and any respective Producing Party) agree or the Court rules, has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Order;

(c)     has come into a Receiving Party's legitimate possession independently of the Producing Party; or

(d)     has been independently developed by or for the Party without use of, or reference to, the other Party's Confidential Information or Highly Confidential Information, which shall remain protected.

44.     Notwithstanding any such challenge to the designation of Discovery Material as Confidential Information or Highly Confidential Information, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the Party that designated the material as Confidential Information or Highly Confidential Information withdraws such designation in writing, or (b) the Court rules that the designation is not proper.

## NO WAIVER OF PRIVILEGE

45.     Pursuant to Fed. R. Evid. 502(d), the inadvertent production of documents subject to the attorney-client privilege, the work-product immunity, or any other privilege or immunity, will not waive the attorney-client privilege, work-product immunity, or other privilege or immunity in this Litigation or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected information in this Litigation as part of a production is not itself a waiver in this Litigation or in any other federal or state proceeding. Further, neither the fact that information was produced, nor the content of the information shall

be used in any manner as evidence in support of any such alleged waiver.  If a Party has produced information subject to a claim of privilege or immunity, upon request identifying such information or in the event that a Receiving Party discovers a document that it believes to be privileged ("Recalled Information"), the information and all copies thereof shall be returned promptly, or a signed verification by Outside Counsel for a Receiving Party certifying that all such information and copies have been destroyed shall be provided to Outside Counsel for the Producing Party no later than ten days (as calculated by Fed. R. Civ. P. 6) after a request is made by the Producing Party or discovery is made by the Receiving Party, as required by Fed. R. Civ. P. 26(b)(5)(B).  Moreover, any notes or summaries referring to or reflecting the content of Recalled Information shall be destroyed.  After the return, or destruction of Recalled Information, a Receiving Party may challenge the Producing Party's claim(s) of privilege or immunity by making an application to the Court.

46. Nothing in this Order overrides any attorney's ethical responsibilities related to the inadvertent production of privileged information.

47. This Order is not intended to impose on a Party a waiver of its rights to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a party to produce documents without review.  Moreover, this Order does not mean that the cost of review should not be considered in whether any particular discovery is disproportionate (*i.e.*, that the marginal benefit of the discovery is not as great as the marginal cost of said discovery including review).  Further, production under this Order is not a concession of the relevance of information produced or a waiver of discovery objections.

## FAILURE TO DESIGNATE

48.     The failure by a Producing Party to designate Discovery Material as Confidential Information or Highly Confidential Information shall not be a waiver of such designation provided that the Producing Party that fails to make such designation informs the Receiving Party that such Discovery Material is Confidential Information or Highly Confidential Information promptly but not more than 20 days (as calculated by Fed. R. Civ. P. 6) after the failure to designate first becomes known to the Producing Party.  The failure by a Producing Party to designate Discovery Material as Confidential Information, or Highly Confidential Information, or to redact such information shall not preclude the filing of a motion at a later date seeking to impose such designation or redaction or challenging the propriety thereof.  The Receiving Party in receipt of Discovery Material that the Producing Party failed to designate as Confidential Information or Highly Confidential Information shall not be in violation of this Protective Order for any use made of such Discovery Material before the Receiving Party is informed of the failure to designate.  Once the Receiving Party has been informed of the failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party for proper designation or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Protective Order.

## UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

49.     In the event of disclosure of Confidential Information or Highly Confidential Information to any person not authorized to have such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform Outside Counsel for the Party whose Confidential Information or Highly

22

Confidential Information has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for improperly disclosing such Confidential Information or Highly Confidential Information shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Information or Highly Confidential Information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Nothing in this agreement shall prevent the Party whose Confidential Information or Highly Confidential Information was improperly disclosed from seeking other remedies from the disclosing Party, including damages or injunctive relief.

### **SECURITY AND DATA BREACH**

50.     Any person in possession of another Party's Discovery Material shall exercise the same care with regard to the storage, custody, or use of such Discovery Material as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Paragraph 51.

51.     Receiving Parties must take reasonable precautions to protect Discovery Material from loss, misuse, and unauthorized access, disclosure, and alteration. Such measures shall include:

(a)     Reasonably preventing unauthorized persons from gaining access to Discovery Material (physical access control);

(b)     Reasonably preventing Discovery Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(c)     Reasonably ensuring that persons entitled to use Discovery Material gain access only to such Discovery Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Discovery Material cannot be read, copied, modified or deleted without authorization (data access control);

23

(d)      Reasonably ensuring that Discovery Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Discovery Material by means of data transmission facilities can be established and verified (data transfer control);

(e)      Reasonably ensuring the establishment of an audit trail to document whether and by whom Discovery Material have been entered into, modified in, or removed from Discovery Material processing systems, (entry control); and

(f)      Reasonably ensuring that Discovery Material is processed solely in accordance with instructions from counsel or the Receiving Party (control of instructions).

52.      If the Receiving Party discovers a breach of security relating to the Discovery Material of another Party, the Receiving Party shall: (1) provide written notice to Producing Party of such breach no later than 24 hours of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide Producing Party with assurance reasonably satisfactory to Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach.  If required by any judicial or governmental request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means.  The Receiving Party agrees to provide reasonable cooperation to the Producing Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good-faith and reasonable judgment.

53.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed the Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as is practicable: (a) notify in writing the Producing Party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and have the person or persons execute the acknowledgement form attached as Exhibit B.

## RETURN/DESTRUCTION OF MATERIALS

54.     Not later than 90 days (as calculated by Fed. R. Civ. P. 6) after entry of final judgment or dismissal with prejudice in this Litigation (including disposition of any appeals or petitions for review), or after the execution of a settlement agreement among all the parties finally disposing of all issues raised in this Litigation, Outside Counsel and all other persons having possession or control of another Party's Confidential Information or Highly Confidential Information, including any briefs, motions, pleadings, expert reports, or other documents created during the course of this litigation that contain Confidential Information or Highly Confidential Information, shall: (a) return all Confidential Information and Highly Confidential Information, and any copies thereof to the appropriate Outside Counsel who produced the Confidential Information or Highly Confidential Information; or (b) destroy such Confidential Information and Highly Confidential Information.  Each Party shall give written notice of such destruction to Outside Counsel for the Producing Party.  However, Outside Counsel may retain an archival copy of all papers filed with the Court, expert reports, discovery responses, transcripts of testimony and exhibits, correspondence, and mediation briefs.  Outside Counsel may retain copies of their own work product containing such Discovery Material.  Further, all notes, summaries, or other documents prepared by attorneys, Experts, or internal or external consultants

25

derived from or containing Confidential Information or Highly Confidential Information shall, after the conclusion of the Litigation, be kept within the files of Outside Counsel for the Party creating such work product or be destroyed. Such Party, and their respective Outside Counsel, shall not disclose any Party's Confidential Information or Highly Confidential Information contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order and shall maintain the safeguards set forth in Paragraph 51. Not later than 90 days (as calculated by Fed. R. Civ. P. 6) after the termination of this Litigation, each Party that received any Confidential Information or Highly Confidential Information shall certify in writing to each Producing Party that it has complied with the requirements of this Paragraph.

## MISCELLANEOUS PROVISIONS

55.     This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

56.     Without application to the Court, any Party that is a beneficiary of this Protective Order may enter a written agreement releasing any other Party from one or more requirements of this Order, except for requirements that protect the information or rights of another Party.

57.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery in this Litigation, and except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

26

58.     If at any time Confidential Information or Highly Confidential Information of a Producing Party is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written and email notice pursuant to the provisions of Paragraph 61 and shall provide the Producing Party with an opportunity to object to the production of such materials.  If the Producing Party does not move for a protective order within 15 days (as calculated by Fed. R. Civ. P. 6) of the date written notice is given, a Receiving Party to whom the subpoena or other request is directed may produce, on or after the date set for production in the subpoena or other request but not before the end of the 15-day notice period, such material in response thereto, under a protective order with confidentiality provisions equal to or more restrictive than those of this Protective Order.

59.     Other Proceedings.  By entering this Order and limiting the disclosure of information in this Litigation, the Court does not intend to preclude the USPTO or another court from finding that information may be relevant and subject to disclosure in another case or proceeding.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as Confidential Information or Highly Confidential Information pursuant to this Order shall promptly notify that Party of the motion so that the Party may have the opportunity to appear and be heard on whether that information should be disclosed.

60.     Outside Counsel and Designated Inside Representatives shall have the right to exclude from depositions, other than the deponent, the court reporter, and videographer, any person who is not authorized under this Protective Order to receive Confidential Information or

27

Highly Confidential Information.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to Confidential Information or Highly Confidential Information.  The failure of any person who is not authorized under this Protective Order to receive Confidential Information or Highly Confidential Information (other than the deponent, the court reporter, and/or the videographer) to leave the deposition room during any portion of the deposition that inquires into matters designated as Confidential Information or Highly Confidential Information by the Producing Party shall permit Outside Counsel for the Producing Party to instruct the deponent that he or she should not answer inquiries into matters designated as Confidential Information or Highly Confidential Information.

61.      All notices during this Litigation required by this Protective Order are to be made by email to a Party's Outside Counsel (including, if available, to Outside Counsel's service distribution email address designated for this Litigation), and all notices subsequent to the termination of Litigation are to be made by email to a Party's Outside Counsel or other person designated by a Party's Outside Counsel.  The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date the Party's Outside Counsel, the Party's Designated Inside Representatives, or the Party's general counsel first receives the notice via either email or U.S. mail sent and addressed as required under this Paragraph.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by Outside Counsel or Designated Inside Representatives for the Producing Party.

62.      Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any document, communication, or any portion thereof is privileged or otherwise non-discoverable or is not admissible in evidence in this Litigation or any other proceeding.

28

63.    Each person who receives Confidential Information or Highly Confidential Information agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

64.    This Order may be amended by the agreement of the Parties, including through their Outside Counsel, in the form of a written Stipulated Amended Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.  The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

65.    Neither the termination of this Litigation nor the termination of employment of any person with access to any Confidential Information or Highly Confidential Information shall relieve a Party or any person from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order or abiding by any of its restrictions.  The Court shall retain jurisdiction to enforce the terms of the Protective Order after final termination of this Litigation.  All disputes concerning Confidential Information or Highly Confidential Information under this Protective Order shall be resolved by the United States District Court for the District of Delaware.

66.    The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

67.    The Court hereby orders ACADIA to produce to Zydus the settlement agreements between ACADIA and any Third Party to resolve the Prior Pimavanserin Litigation against that Third Party, which shall be designated as HIGHLY CONFIDENTIAL, subject to the provisions of this Order.

29

68.     The Court hereby modifies the Stipulated Protective Order from the Prior Pimavanserin Litigation (C.A. 20-cv-985-RGA, D.I. 31) to provide that any archived copies of expert reports, discovery responses, transcripts of deposition or trial testimony and exhibits thereto, from the Prior Pimavanserin Litigation that were in the possession of both Parties' Outside Counsel and/or were exchanged or served between the Parties in the Prior Pimavanserin Litigation may be used in the present litigation, subject to the provisions of this Order.

Dated:  April 21, 2026

**SAUL EWING LLP**

/s/ Michelle C. Streifthau-Livizos
James D. Taylor, Jr. (#4009)
Michelle C. Streifthau-Livizos (#6584)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800
james.taylor@saul.com
michelle.streifthau-livizos@saul.com

Attorneys for Plaintiff ACADIA
Pharmaceuticals Inc.

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Andrew Koopman
Andrew J. Koopman (DE Bar #5288)
Christopher H. Blaszkowski (DE Bar #5673)
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
T (302) 552-4200
F (302) 552-4295
andrew.koopman@bipc.com
christopher.blaszkowski@bipc.com

Attorneys for Defendants Zydus Lifesciences
Ltd. et al.

**SO ORDERED**, this _____ day of _____, 20__.

_____
UNITED STATES DISTRICT JUDGE

***EXHIBIT A***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACADIA PHARMACEUTICALS INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 25-187-GBW |
| ZYDUS LIFESCIENCES LTD., et al., | ) ) | |
| Defendants. | ) ) | |

**DECLARATION TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

My present employer is _____ and the address of my present employer

is _____.

My present occupation or job description is _____

_____.

I have received the Protective Order in this Litigation dated _____.

I understand that I am obligated, under order of the Court, to hold in confidence and not to

disclose the contents of anything marked CONFIDENTIAL, or HIGHLY CONFIDENTIAL

except as permitted by the Protective Order.  I further understand that (1) with regard to

Confidential Information, I am not to disclose to anyone other than those persons identified in

Paragraph 33 of the Protective Order any words, substances, summaries, abstracts, or indices of

any Confidential Information disclosed to me; and (2) with regard to Highly Confidential

Information, I am not to disclose to anyone other than those persons identified in Paragraph 34 of

the Protective Order any words, substances, summaries, abstracts, or indices of any Confidential Information or Highly Confidential Information disclosed to me.  According to the restrictions of Paragraph 26 of the Protective Order, I will use Discovery Material, including Confidential Information, Highly Confidential Information, or information derived therefrom, solely for purposes relating to the above-captioned Litigation.  I will never use Confidential Information, Highly Confidential Information, or information derived therefrom, directly or indirectly, in competition with the Producing Party nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

At the termination of this Litigation or any time requested by Outside Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Information or Highly Confidential Information which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation.  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

_____
Date:                                              Signature

32

## *EXHIBIT B*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ACADIA PHARMACEUTICALS INC., | ) ) ) |  |
| Plaintiff, | ) ) | C.A. No. 25-187-GBW |
| v. | ) ) |  |
| ZYDUS LIFESCIENCES LTD., et al., | ) ) |  |
| Defendants. | ) ) |  |

## DECLARATION TO BE BOUND BY PROTECTIVE ORDER
## [DESIGNATED INSIDE REPRESENTATIVE]

I, _____, declare under penalty of perjury that:

My present employer is _____ and the address of my present employer

is _____.

My present occupation or job description is _____

_____.

I have received the Protective Order in this Litigation dated _____.

I agree:

(i) to be bound by the terms of the Protective Order;

(ii) to use Confidential Information solely for the purposes delineated within the

Protective Order;

33

(iii) to not disclose any Confidential Information to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of the Protective Order; and that

(iv) I meet the requirements for Designated Inside Representative as set forth in Paragraph 33(c) of the Protective Order.

I will return or destroy all Confidential Information at the relevant time in accordance with Paragraph 54 of the Protective Order.

I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Protective Order.  I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in a civil action by one or more of the parties in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Date:                                             _____
                                                  Signature